UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRANCISCO BRITO,                                    :

                Petitioner,          :          05 Civ. 6148, 00 Cr. 0579 (JSR) (AJP)

       -against-                              :          **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,              :

              Respondent.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Chief Magistrate Judge:**

**To the Honorable Jed S. Rakoff, United States District Judge:**

        Pro se petitioner Francisco Brito has petitioned pursuant to 28 U.S.C. § 2255 to vacate his sentence of 120 months (i.e., ten years) for conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (05 Civ. 6148, Dkt. No. 1: Pet. ¶¶ 1-4.) Brito's petition asserts that: (a) his "Sixth Amendment right to a trial by jury were [sic] violated" because his sentence was "illegally enhanced based on judicial fact finding which increased the exposure of his maximum sentence" (Pet. ¶ 12(A)); and (b) the sentencing regime was unconstitutional because he was "sentenced under a mandatory, constitutional regime which did not permit the sentencing judge to exercise his discretion" (Pet. ¶ 12(B)).

        For the reasons set forth below, Brito's petition is frivolous and should be DENIED.

## <u>ANALYSIS</u>

Brito's petition should be <u>DENIED</u> for four reasons, any one of which alone is sufficient.

First, Brito pleaded guilty (<u>see</u> 05 Civ. 6148, Dkt. No. 1: Pet. ¶ 5; <u>see also</u> 00 Cr. 0579, Dkt. entry for 11/22/00), and his plea agreement waived the right to challenge, on appeal or via § 2255, any sentence of 120 months or less. (Brito Plea Agmt. at 4.)[1] It is black letter law that such waivers are valid and binding. <u>See</u> <u>Giraldi</u> v. <u>United States</u>, 01 Civ. 2049, 99 Cr. 1228, 2001 WL 409529 at * 2 (S.D.N.Y. Apr. 3, 2001) (Peck, M.J.) ("'[T]his Court joins all of the other district court decisions in this Circuit, the decisions of other Circuit courts, and the unpublished Second Circuit decision, and holds that § 2255 waivers are generally enforceable.'") (and cases cited therein).

Second, Brito's conviction is dated March 14, 2001. (00 Cr. 0579, Dkt. No. 50: Judgment in a Criminal Case.) He did not appeal. (<u>See</u> Pet. ¶ 8.) Thus, his time to file a § 2255 petition expired one year later, in 2002, long before his June 22, 2005 petition was filed. <u>See</u> 28 U.S.C. § 2255.[2]

---

[1]     The plea agreement letter provided that:

> It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence at or below the Stipulated Sentence of 120 months. . . .

(Brito Plea Agmt. at 4.)

[2]     Section 2255 provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The (continued...)

Third, even if petitioner Brito were relying on <u>Blakely</u> and <u>Booker</u>,<u>3/</u> and thus relying on the one year from which the "right asserted was initially recognized by the Supreme Court" prong of § 2255 (<u>see</u> n.2 above), that would not help him because the Second Circuit has held that <u>Blakely</u> and <u>Booker</u> are not retroactively applicable to cases on collateral review. <u>See</u>, <u>e.g.</u>, <u>Guzman</u> v. <u>United States</u>, 404 F.3d 139, 140 (2d Cir. 2005); <u>Green</u> v. <u>United States</u>, 397 F.3d 101, 103 (2d Cir. 2005); <u>Pena</u> v. <u>United States</u>, 04 Civ. 9700, 00 Cr. 36, 2005 WL 1176073 at *3 (S.D.N.Y. May 18, 2005) (Peck, M.J.) (citing cases); <u>Steele</u> v. <u>United States</u>, 04 Civ. 6918, 02 Cr. 629, 2005 WL 704868 at *16 n.18 (S.D.N.Y. Mar. 29, 2005) (Peck, M.J.).

Fourth, even if the Court were to review the merits of Brito's petition, it has no merit. Brito's sentence does not have an <u>Apprendi</u>-<u>Booker</u> issue. Brito's sentence was not enhanced based on judicial fact finding. Rather, while the guideline calculation was 57 to 108 months (<u>see</u> 00 Cr. 0579, Dkt. No. 54: 3/12/01 Sentencing Tr. at 3), Judge Rakoff was required to sentence Brito to 120 months because that was the statutory minimum enacted by Congress for the crime. (<u>See</u> <u>id</u>. at 3,

---

<u>2/</u>    (...continued)
limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction becomes final; . . .

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255.

<u>3/</u>    <u>United States</u> v. <u>Booker</u>, ___ U.S. ____, 125 S. Ct. 738 (2005); <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004).

5; <u>see also</u> 00 Cr. 0579, Dkt. No. 50: Judgment at 7: "There is a mandatory minimum of 120 months.")  As Judge Rakoff stated at sentencing:

> [T]he defendant committed a very serious offense . . . the mandatory minimums imposed by Congress in these and other such situations often operate in what appears to most courts, including this one, to be a draconian and overly punitive fashion. Nevertheless, they are the law and this court is duty bound to carry out the law. . . . I will impose the required sentence, and it is as follows: That the defendant is sentenced to 120 months in prison, which is the statutory mandatory minimum.

(3/12/01 Sentencing Tr. at 5.)  As Judge Rakoff correctly stated, Congressional statutory minimum sentences have been upheld by the courts.  <u>See</u>, <u>e.g.</u>, <u>Harris</u> v. <u>United States</u>, 536 U.S. 545, 568-69, 122 S. Ct. 2406, 2420 (2002) ("The Court is well aware that many question the wisdom of mandatory minimum sentencing.  Mandatory minimums, it is often said, fail to account for the unique circumstances of offenders who warrant a lesser penalty.  These criticisms may be sound, but they would persist whether the judge or the jury found the facts giving rise to the minimum.  We hold only that the Constitution permits the judge to do so, and we leave the other questions to Congress, the States, and the democratic processes.") (citations omitted); <u>United States</u> v. <u>Powell</u>, 404 F.3d 678, 683 (2d Cir. 2005) ("It is, however, Congress' prerogative to set mandatory minimums. . . ."); <u>United States</u> v. <u>Sharpley</u>, 399 F.3d 123, 127 (2d Cir. 2005) (affirming sentence, holding <u>Crosby</u> remand unnecessary because defendant had been sentenced to statutory mandatory minimum rendering any sentencing guideline error harmless), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (May 14, 2005) (No. 04-10167); <u>United States</u> v. <u>King</u>, 345 F.3d 149, 151 (2d Cir 2003) ("Circuit and Supreme Court precedent make clear that imposition of a mandatory minimum sentence that does not exceed the otherwise applicable statutory maximum does not trigger

Apprendi's requirements."), cert. denied, 540 U.S. 1167, 124 S. Ct. 1184 (2004); United States v. Luciano, 311 F.3d 146, 152-53 (2d Cir. 2002) (finding sentence to the statutory mandatory minimum was constitutional and not in violation of Apprendi because it did not exceed the statutory maximum, even though it did exceed the applicable sentencing guidelines range), cert. denied, 540 U.S. 1167, 124 S. Ct. 1185 (2004). Any call for changes to the statutory minimum must be addressed to Congress, not the courts. Moreover, the mandatory minimum was triggered by the very issue to which Brito pleaded guilty, not by any other facts (such as prior felonies). There is no basis for Brito's habeas claims.

## CONCLUSION

For the reasons set forth above, Brito's July 13, 2005 § 2255 petition should be DENIED.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert.

denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small

v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd.,

838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:      New York, New York
              July 14, 2005

Respectfully submitted,

_____
**Andrew J. Peck**
United States Chief Magistrate Judge


Copies to:    Francisco Brito
            David Raskin, Esq.
            Judge Jed S. Rakoff